cumstances in evidence which seem to afford any material corroboration to either of these witnesses, and the court below, who saw the witnesses and heard them testify, having for reasons satisfactory to himself, seen fit to believe the defendants' witness in preference to the plaintiffs', it is impossible for this court to say that he was not warranted in so doing. Opinion by BAILEY, P. J. Judge below, RICHARD PRENDERGAST. Attorneys, for appellants, Messrs. McCLELLAN & CUMMINS; for appellee, Mr. ALVA A. KNIGHT. Opinion filed Feb. 23, 1886.

No. 24—2293. George W. Cothran et al. v. George H. Harlow. This was an action of assumpsit brought by George H. Harlow against George W. Cothran and Jennie W. Cothran, the declaration consisting only of the common money counts. At the trial, which was had before the court, a jury being waived, the plaintiff dismissed his suit as to said Jennie W. Cothran. No propositions were submitted to the court to be held as the law in the decision of the case, but the court, after hearing the evidence, found the issues for the plaintiff, and assessed his damages against defendant, George W. Cothran, at $7,000, and for that sum and costs the plaintiff had judgment. Affirmed. Opinion PER CURIAM. Judge below, ELLIOTT ANTHONY. Attorneys, for plaintiff in error, Mr. JNO. JEWETT; for defendant in error, Mr. R. A. CHILDS. Opinion filed March 31, 1886.

No. 6—2166. Barnum Blake v. David T. Miller. The only error assigned is, that the court proceeded to the trial of the cause and gave judgment without a replication to the special plea. It does not appear from the certificate of the clerk, that the transcript is a perfect and complete copy of the record. There appears indorsed upon the writ of error, a statement by the clerk that, as his return to said writ, he attached thereto a certified copy of the record and proceedings in the cause, but on examining the clerk's certificate to the document attached, the court finds that it entirely fails to certify that the papers to which it refers, constitute the whole or any part of the record in this cause. The court is not informed and can not judicially know from such certificate that there may not have been a proper replication on file at the date of the trial, and that such replication may not be